**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS**

| | |
|---|---|
| N.T., an individual, | ) |
| | ) |
| | ) |
|               Plaintiff, | )Case No. 6:19-cv-01028-JWB-KGG |
| v. | ) |
| | ) |
| TACO BELL CORP. | )     REQUEST FOR JURY TRIAL |
| Serve Registered Agent: | ) |
| THE CORPORATION COMPANY, INC. | ) |
| 112 SW 7th Street, Suite 3C | ) |
| Topeka, KS 66603 | ) |
| | ) |
| and | ) |
| | ) |
| BORDER MANAGEMENT | ) |
| Serve: | ) |
| 2408 E. Kansas, | ) |
| Garden City, US KS 67846 | ) |
| | ) |
| and | ) |
| | ) |
| JPM, Inc. | ) |
| Serve: | ) |
| Jeannie DeVeney, Esq. | ) |
| 1201 Walnut Street, Suite 1450 | ) |
| Kansas City, MO 64106 | ) |
| | ) |
| and | ) |
| | ) |
| JPM Camp, Inc. | ) |
| Serve: | ) |
| Jeannie DeVeney, Esq. | ) |
| 1201 Walnut Street, Suite 1450 | ) |
| Kansas City, MO 64106 | ) |
| | ) |
| and | ) |
| | ) |
| PATRICK VESTAL, an individual. | ) |
| Hold Service. | ) |
| | ) |
|              Defendants. | ) |

**<u>FIRST AMENDED COMPLAINT</u>**

1

This is an action under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended 42 U.S.C. §§ 2000e *et seq*., and other torts, to correct and deter unlawful practices based on sexual harassment, tortious activity, and unlawful discharge, and to make Plaintiff whole. Plaintiff N.T., ("Plaintiff") alleges that Defendants Taco Bell Corp.; Border Management; JPM Inc.; JPM Camp Inc., and Defendant Patrick Vestal subjected Plaintiff, a minor at the time the actions herein occurred, to discriminatory, harassing, unwelcome, and tortious actions, to wit:

## Parties and Jurisdiction

1.      Plaintiff N.T. is an individual who was approximately sixteen (16) years old at the time of the events described herein.

2.      Defendant Taco Bell Corp, is a corporation which, at all times pertinent to this Complaint, was registered to do business as a foreign entity in the state of Kansas.

3.      Upon information and belief, Defendant Border Management is an owner and/or operator of the Taco Bell located at 2408 E. Kansas, Garden City, KS 67846.

4.       Upon information and belief, Defendant JPM Inc. is an owner and/or operator of the Taco Bell located at 2408 E. Kansas, Garden City, KS 67846.

5.       Upon information and belief, Defendant JPM Inc. is an owner and/or operator of the Taco Bell located at 2408 E. Kansas, Garden City, KS 67846.

6.       Upon information and belief, Defendant Patrick Vestal is an individual residing in the state of Kansas.

7.      At all relevant times, Defendant Taco Bell Corp. continuously had at least fifteen (15) employees.

8.      At all relevant tines, Defendant Taco Bell Corp. has continuously been and is now an employer engaged in an industry affecting commerce within the meaning of Title VII.

**9.**      Upon information and belief, at all relevant times, Defendant Border Management continuously had at least fifteen (15) employees.

**10.**      Upon information and belief, at all relevant times, Defendant Border Management has continuously been and is now an employer engaged in an industry affecting commerce within the meaning of Title VII.

**11.**      Upon information and belief, at all relevant times, Defendant JPM Inc. continuously had at least fifteen (15) employees.

**12.**      Upon information and belief, at all relevant times, Defendant JPM Inc. has continuously been and is now an employer engaged in an industry affecting commerce within the meaning of Title VII.

**13.**      Upon information and belief, at all relevant times, Defendant JPM Camp Inc. continuously had at least fifteen (15) employees.

**14.**      Upon information and belief, at all relevant times, Defendant JPM Camp Inc. has continuously been and is now an employer engaged in an industry affecting commerce within the meaning of Title VII.

**15.**      The unlawful employment practices alleged herein have been committed within the jurisdiction of the United States District Court for the District of Kansas.

**16.**       Jurisdiction and venue are proper in the District of Kansas pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1391.

**Administrative Procedure and Procedural Posture**

**17.**       On or about November 2, 2017, Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") (attached as Exhibit A and incorporated herein as if fully stated).

18.     On or about November 20, 2018, the EEOC issued to Plaintiff Notice of Right to Sue (attached as Exhibit B and incorporated herein by reference).

19.     The aforesaid Charge of Discrimination provided the EEOC sufficient opportunity to investigate the full scope of the controversy between the parties and, accordingly, the sweep of this judicial complaint may be and is as broad as the scope of an investigation of Plaintiff's claims and the involved parties, which could reasonably be expected to have grown out of the Charge of Discrimination.

20.     Through the filing of Plaintiff's Charge of Discrimination, Defendants were afforded notice of Plaintiff's claims and the opportunity to participate in voluntary compliance.

21.     Plaintiff has satisfied all private, administrative and judicial prerequisites to the institution of this action.

### General Allegations Common to All Counts

22.     Upon information and belief, Defendants Taco Bell Corp.; Border Management; JPM Inc. and JPM Camp, Inc. provide food and beverage services to customers and operate within the state of Kansas.

23.     Upon information and belief, for a period of at least a decade prior to the events described herein, Defendant Taco Bell Corp. knew of the significant risk of employees working in Taco Bell restaurants being subjected to sexual harassment and/or sexual assault in the workplace.

24.     Upon information and belief, Defendants Taco Bell Corp.; Border Management; JPM Inc. and JPM Camp, Inc. engaged in a pattern and practice of discrimination and

harassment and/or allowed discrimination, assault, and harassment of Taco Bell employees to occur.

25.     Upon information and belief, Defendants Taco Bell Corp.; Border Management; JPM Inc. and JPM Camp, Inc., at all times pertinent to this Complaint, were responsible for establishing policies and procedures regarding operations of Taco Bell restaurants.

26.     Upon information and belief, Defendants Taco Bell Corp.; Border Management; JPM Inc. and JPM Camp, Inc., at all times pertinent to this Complaint, were responsible for overseeing the operations of Taco Bell restaurants.

27.     Upon information and belief, Defendants Taco Bell Corp.; Border Management; JPM Inc. and JPM Camp, Inc., at all times pertinent to this Complaint, were responsible for training Taco Bell employees.

28.     Upon information and belief, Defendants Taco Bell Corp.; Border Management; JPM Inc. and JPM Camp, Inc., at all times pertinent to this Complaint, were responsible for receiving, investigating, and responding to complaints of discrimination and harassment.

29.     Defendants Taco Bell Corp.; Border Management; JPM Inc. and JPM Camp, Inc. had the power to discipline and terminate employees.

30.     Upon information and belief, Defendant Taco Bell Corp. has knowledge of a pattern unlawful employment practices including inappropriate, discriminatory, and harassing behavior, as well as unwanted touchings of restaurant employees occurring in various facilities and locations across the United States.

31.     In 2017, Defendants Taco Bell Corp.; Border Management; JPM Inc. and JPM Camp, Inc., engaged in unlawful practices at the 2408 E. Kansas Avenue Taco Bell restaurant

in Garden City, Kansas. The unlawful practices involved subjecting Plaintiff, a minor, to sexual harassment based on sex, sexual assault, and subsequent discharge from employment.

32.      In the spring of 2017, Plaintiff, who was then sixteen (16) years old, began working at the Taco Bell restaurant in Garden City, Kansas.

33.      On the day of Plaintiff's first interview, Defendant Vestal subjected Plaintiff to unwelcome sexual harassment while Plaintiff's younger sister was present.

34.      The sexual harassment consisted of Defendant Vestal making inappropriate and unwelcome comments to Plaintiff, including stating that Plaintiff and her younger sister were both "cute" and "hot."

35.      In response, Plaintiff asked Defendant Vestal to stop.

36.      Almost immediately after, Defendant Vestal became more aggressive and flirtatious with Plaintiff. Defendant Vestal subjected Plaintiff to inappropriate touching, demeaning comments, and unwanted behavior.

37.      Shortly thereafter, Defendant Vestal approached Plaintiff and asked to go out on a date.

38.      Defendant Vestal made other sexually inappropriate comments.

39.      Defendant Vestal grabbed Plaintiff's thigh in a sexual manner.

40.      Plaintiff continuously and immediately denied Defendant Vestal's sexual advances and told him to stop.

41.      Defendant Vestal would not take no for an answer and on at least one occasion told Plaintiff, "you'll end up coming back."

42.      Plaintiff reported Defendant Vestal's behavior to Gloria Salas, a manager for the Taco Bell Defendants.

**43.**      Plaintiff told Ms. Salas that Plaintiff was very uncomfortable due to Defendant's Vestal's unwelcome actions and comments.

**44.**      During Plaintiff's conversation with Ms. Salas, Defendant Vestal entered the room.

**45.**      Ms. Salas asked Defendant Vestal if he would leave Plaintiff alone, and he responded, "ok."

**46.**      Upon information and belief, no other action was taken to stop the harassment Plaintiff was subjected to.

**47.**      Upon information and belief, Plaintiff's employer and supervisors had prior knowledge, or should have known, of Defendant Vestal's proclivity of making sexual comments to co-workers.

**48.**      The severe and pervasive sexual harassment continued.

**49.**      Defendant Vestal continued to make sexual comments to Plaintiff.

**50.**      Plaintiff grew more and more uncomfortable with the situation as it seemed Defendant Vestal's behavior was only escalating.

**51.**      Defendant Vestal stated that he loved Plaintiff and was waiting for Plaintiff to come of age so they could be together.

**52.**      Defendant Vestal called Plaintiff "sexy."

**53.**      Defendant Vestal, on at least one occasion, grabbed Plaintiff's behind.

**54.**      Defendant Vestal made comments about Plaintiff's younger sister, saying he thought she was "hot" and wanted to have sex with her.

**55.**      Defendant Vestal made these statements despite knowing that Plaintiff's younger sister was thirteen (13) years old.

**56.**     Defendant Vestal repeatedly asked Plaintiff to engage in sexual intercourse with him, to which Plaintiff continuously refused.

**57.**     Plaintiff reported the continued severe and pervasive sexual harassment to Ms. Salas for a second time, who assured Plaintiff that she would talk to Defendant Vestal.

**58.**     Upon information and belief, no one took any actions against Defendant Vestal during this time.

**59.**     Plaintiff continued to report Defendant Vestal's harassing behavior to Gloria Salas multiple times over the next several weeks.

**60.**     Eventually, Ms. Salas stated that she was getting tired of Plaintiff reporting the harassment.

**61.**     Ms. Salas told Plaintiff she had already told him to stop and he was not changing.

**62.**     Ms. Salas suggested that Plaintiff should just wait until Defendant Vestal learns to stop the unwelcome behavior on his own.

**63.**     In May 2017, Plaintiff was instructed to take out the trash with Defendant Vestal.

**64.**     While they were outside, Defendant Vestal grabbed, kissed, and fondled Plaintiff without consent.

**65.**     Plaintiff immediately began to cry and denied his advances, but Defendant Vestal would not stop.

**66.**     Defendant Vestal told Plaintiff to "shut up" and that he would stop once it's over.

**67.**     Defendant Vestal put his hands up Plaintiff's shirt and fondled Plaintiff's chest and subjected Plaintiff to unwanted and unwelcome sexual touchings.

**68.**     Upon information and belief, there were no video cameras filming the area of the premises where the trash dumpster was located.

69.     Defendants Taco Bell Corp.; Border Management; JPM Inc. and JPM Camp, Inc. knew or should have known that employees working within Taco Bell restaurants may be subjected to sexual harassment in locations of the premises that did not have cameras.

70.     For example, upon information and belief, a former employee of a Taco Bell restaurant had been subjected to unwelcome sexual advances in a freezer at another Taco Bell location.

71.     Plaintiff confided in a co-worker about the sexual assault and severe and pervasive sexual harassment.

72.     Plaintiff had reason to believe that lodging a complaint would be futile due to her previous complaints being ignored and ridiculed.

73.     Plaintiff's co-worker reported the assault to an assistant manager for Taco Bell Defendants, who then reported it to Ms. Salas.

74.     Upon information and belief, the assistant manager informed Ms. Salas that Plaintiff was in fear of losing her job over reporting the incident.

75.     Upon information and belief, Plaintiff's managers were not properly trained to respond to Plaintiff's complains of sexual harassment.

76.     Upon information and belief, Ms. Salas did not know what to do in response to Plaintiff's complaints.

77.     Upon information and belief, Plaintiff's managers were not properly supervised to ensure they were appropriately responding to Plaintiff's complaints.

78.     Plaintiff spoke to Ms. Salas and expressed concern over returning to work due to Defendant Vestal's actions and the hostile work environment.

79.     In response, Ms. Salas simply demanded Plaintiff give three weeks of notice before quitting.

80.     Ms. Salas did not inform Plaintiff of any efforts by the Taco Bell Defendants to investigate the actions of Defendant Vestal against Plaintiff.

81.     Plaintiff did not return to work due to deep concerns that Taco Bell Defendants did not care about employee safety including her safety, as nothing had been done to keep Plaintiff safe from Defendant Vestal.

82.     On or about May 29, 2017, Plaintiff was terminated by Taco Bell Defendants for "job abandonment."

83.     Upon information and belief, Plaintiff is ineligible for rehire with the Taco Bell Defendants.

84.     Plaintiff was not invited back to work, nor did anyone attempt to reassure Plaintiff that is was safe to return to its restaurant.

85.     Upon information and belief, Plaintiff's claims of sexual harassment and sexual assault were not taken seriously or investigated by Defendants Taco Bell Corp.; Border Management; JPM Inc. or JPM Camp, Inc.

86.     Upon information and belief, Defendant Vestal was not terminated until approximately one week after Plaintiff's termination.

87.     Upon information and belief, the investigation did not take place until Plaintiff talked to the school principal about what happened and then met with a detective days later.

88.     Defendants Taco Bell Corp.; Border Management; JPM Inc. and JPM Camp, Inc. knew of the risk of sexual harassment and sexual assault occurring against co-workers and did not take adequate steps to protect Plaintiff in the workplace.

89.     The Defendants in this case have caused Plaintiff, a minor child at the time of the actions described herein, enormous, unimaginable pain and suffering, humiliation, and fear which Plaintiff continues to suffer and will likely suffer for many years in the future.

90.     Upon information and belief, certain managerial employees of the Taco Bell Defendants have continued the harassment of Plaintiff even after termination.

91.     Upon information and belief, managerial employees of Border Management; JPM Inc. and/or JPM Camp, Inc. have continued the discrimination and harassment of Plaintiff by discussing Plaintiff's reports of harassment and discrimination with Plaintiff's subsequent employer and the community in general.

92.     Plaintiff has faced extreme embarrassment, fear, and ridicule due to the continued discriminatory actions of Border Management; JPM Inc. and/or JPM Camp, Inc.

## COUNT I –SEXUAL HARASSMENT IN VIOLATION OF TITLE VII
## v. Defendants Border Management; JPM Inc. and JPM Camp, Inc.

93.     Plaintiff incorporates the allegations contained in above paragraphs as though fully set forth herein.

94.     During Plaintiff's employment with Border Management; JPM Inc. and JPM Camp, Inc., Plaintiff was subjected to a sexually hostile and offensive work environment, which constituted severe and pervasive sexual harassment, which Plaintiff found and which a reasonable person would find to be offensive, and which altered the terms, conditions and/or privileges of Plaintiff's employment.

95.     Defendants Border Management; JPM Inc. and JPM Camp, Inc. knew or should have known of the sexual harassment directed toward Plaintiff.

96.     Border Management; JPM Inc. and JPM Camp, Inc. failed to take prompt and appropriate corrective action that was reasonably calculated to stop the harassment.

**97.** Border Management; JPM Inc. and JPM Camp, Inc. terminated Plaintiff's employment.

**98.** All actions or inactions of or by Defendants Border Management; JPM Inc. and JPM Camp, Inc. occurred by or through their agents, servants, or employees acting within the course and scope of their employment, as set forth herein.

**99.** As a direct and proximate result of Defendants Border Management; JPM Inc. and JPM Camp, Inc. actions and/or omissions, Plaintiff has been deprived of past income, including wages and benefits, as well as other monetary and non-monetary benefits.

**100.** Plaintiff will also be deprived of future income and benefits.

**101.** As a further direct and proximate result of Defendants Border Management; JPM Inc. and JPM Camp, Inc. actions and/or omissions, Plaintiff has suffered a loss of self-esteem, emotional distress, pain and suffering, fear, loss of sleep, disturbing dreams, anxiety, depression, humiliation, diminished career potential, isolation, embarrassment, a diminished job record, and mental anguish, and related compensatory damages.

**102.** Plaintiff has had to attend counseling and will likely have a need for future counseling, due to the treatment described herein.

**103.** By failing to take prompt and effective remedial action Defendants Border Management; JPM Inc. and JPM Camp, Inc., in effect condoned, ratified and/or authorized the discrimination and harassment against Plaintiff.

**104.** As shown by the foregoing, Defendants Border Management; JPM Inc. and JPM Camp, Inc. conduct was willful, wanton, and malicious, and showed complete indifference to or conscious disregard for the rights of others, including the rights of the Plaintiff, thus,

justifying an award of punitive damages in an amount sufficient to punish the Defendants or to deter them and other companies from the conduct in the future.

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and against Defendants Border Management; JPM Inc. and JPM Camp, Inc. jointly and severally for actual and economic damage to make Plaintiff whole by providing appropriate back pay and benefits in amounts provided at trial, and for other affirmative relief necessary to eradicate the effects of Defendants Border Management; JPM Inc. and JPM Camp, Inc. unlawful employment practices; for injunctive relief including ordering Defendants Border Management; JPM Inc. and JPM Camp, Inc. to institute and carry out policies, practices, and programs that provide equal employment opportunities and eradicate the effects of its past and present unlawful employment practices; for reinstatement or front pay in lieu of reinstatement; for past and future compensatory damages and pecuniary and non-pecuniary losses including emotional distress, pain and suffering, anxiety, loss of enjoyment of life, humiliation, embarrassment, fear and inconvenience, resulting from the unlawful employment practices described herein in amounts to be determined at trial; for punitive damages for the Defendants Border Management; JPM Inc. and JPM Camp, Inc. malicious conduct or reckless indifference described herein in amounts to be determined at trial; for reasonable attorney's fees and costs incurred herein as determined by the Court; for pre- and post-judgment interest as allowed by law; and for such other and further legal and equitable relief as this Court deems just and proper.

## COUNT II –SEX DISCRIMINATION IN VIOLATION OF TITLE VII
### v. Defendants Border Management; JPM Inc. and JPM Camp, Inc.

**105.**     Plaintiff incorporates the allegations contained in above paragraphs as though fully set forth herein.

106.	During Plaintiff's employment with Defendants Border Management; JPM Inc. and JPM Camp, Inc., Plaintiff was subjected to repetitive, unmitigated, severe and pervasive sexual harassment, which Plaintiff found and which a reasonable person would find to be offensive, and which altered the terms, conditions and/or privileges of Plaintiff's employment.

107.	Defendants Border Management; JPM Inc. and JPM Camp, Inc.  knew or should have known of the sexual harassment directed toward Plaintiff.

108.	Defendants Border Management; JPM Inc. and JPM Camp, Inc. failed to take prompt and appropriate corrective action that was reasonably calculated to stop the harassment.

109.	Defendants Border Management; JPM Inc. and JPM Camp, Inc. failed to provide Plaintiff with equal employment opportunity and instead allowed Plaintiff to be subjected to discrimination based upon sex.

110.	Defendants Border Management; JPM Inc. and JPM Camp, Inc. failed to provide Plaintiff with a safe workplace, and terminated Plaintiff's employment, due to sex.

111.	All actions or inactions of or by Defendants Border Management; JPM Inc. and JPM Camp, Inc. occurred by or through their agents, servants, or employees acting within the course and scope of their employment, as set forth herein.

112.	As a direct and proximate result of the Defendants Border Management; JPM Inc. and JPM Camp, Inc. actions and/or omissions, Plaintiff has been deprived of past income, including wages and benefits, as well as other monetary and non-monetary benefits.

113.	Plaintiff will also be deprived of future income and benefits.

114.     As a further direct and proximate result of Defendants Border Management; JPM Inc. and JPM Camp, Inc. actions and/or omissions, Plaintiff has suffered a loss of self-esteem, emotional distress, pain and suffering, fear, loss of sleep, disturbing dreams, anxiety, depression, humiliation, diminished career potential, isolation, embarrassment, a diminished job record, and mental anguish, and related compensatory damages.

115.     Plaintiff has had to attend counseling and will likely have a need for future counseling, due to the treatment described herein.

116.     By failing to take prompt and effective remedial action the Defendants Border Management; JPM Inc. and JPM Camp, Inc. in effect condoned, ratified and/or authorized the discrimination and harassment against Plaintiff.

117.     As shown by the foregoing, Defendants Border Management; JPM Inc. and JPM Camp, Inc. conduct was willful, wanton, and malicious, and showed complete indifference to or conscious disregard for the rights of others, including the rights of the Plaintiff, thus, justifying an award of punitive damages in an amount sufficient to punish the Defendants Border Management; JPM Inc. and JPM Camp, Inc.  or to deter them and other companies from the conduct in the future.

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and against Defendants Border Management; JPM Inc. and JPM Camp, Inc. jointly and severally for actual and economic damage to make Plaintiff whole by providing appropriate back pay and benefits in amounts provided at trial, and for other affirmative relief necessary to eradicate the effects of the Defendants Border Management; JPM Inc. and JPM Camp, Inc. unlawful employment practices; for injunctive relief including ordering Defendants Border Management; JPM Inc. and JPM Camp, Inc. to institute and carry out policies, practices, and programs that provide equal employment

opportunities and eradicate the effects of its past and present unlawful employment practices; for reinstatement or front pay in lieu of reinstatement; for past and future compensatory damages and pecuniary and non-pecuniary losses including emotional distress, pain and suffering, anxiety, loss of enjoyment of life, humiliation, embarrassment, fear and inconvenience, resulting from the unlawful employment practices described herein in amounts to be determined at trial; for punitive damages for Defendants Border Management; JPM Inc. and JPM Camp, Inc. malicious conduct or reckless indifference described herein in amounts to be determined at trial; for reasonable attorney's fees and costs incurred herein as determined by the Court; for pre- and post-judgment interest as allowed by law; and for such other and further legal and equitable relief as this Court deems just and proper.

## COUNT III –ASSAULT AND BATTERY
### v. Defendants Border Management; JPM Inc., JPM Camp, Inc. and Vestal

118.    Plaintiff incorporates the allegations contained in above-paragraphs as if fully set forth herein.

119.    The conduct of the Defendant Vestal constituted unjustified, unwanted, harmful and offensive physical contact and caused Plaintiff damage.

120.    Defendant Vestal's acts of unwanted touchings and uninvited comments of sexual nature, put Plaintiff in reasonable apprehension of harmful and offensive physical contact and caused Plaintiff damage.

121.    Defendant Vestal intended to cause harmful and offensive physical contact to Plaintiff.

122.    Defendant Vestal did cause harmful and offensive physical contact to Plaintiff.

123.    Defendant Vestal intended to cause contact which invaded Plaintiff's sense of dignity.

124.     Defendant Vestal's actions occurred within the course and scope of his employment, and naturally arose during the performance of his work.

125.     Defendant Vestal intentionally and knowingly touched Plaintiff without consent.

126.     Defendant Vestal's repeated offensive touchings were known, or with the exercise of reasonable care, should have been known by Defendants Border Management, JPM, Inc., and JPM Camp, Inc.

127.     All actions or inactions of or by Defendants occurred by or through their owners, agents, servants, or employees acting within the course and scope of their employment, as set forth herein.

128.     As a direct and proximate result of the Defendants' actions and/or omissions, Plaintiff has been deprived of past income, including wages and benefits, as well as other monetary and non-monetary benefits.

129.     Plaintiff will also be deprived of future income and benefits.

130.     As a further direct and proximate result of Defendants' actions and/or omissions, Plaintiff has suffered a loss of self-esteem, emotional distress, pain and suffering, fear, loss of sleep, disturbing dreams, anxiety, depression, humiliation, diminished career potential, isolation, embarrassment, a diminished job record, and mental anguish, and related compensatory damages.

131.     Plaintiff has had to attend counseling and will likely have a need for future counseling, due to the treatment described herein.

132.     By failing to take prompt and effective remedial action the Taco Bell Defendants, in effect condoned, ratified and/or authorized the discrimination and harassment against Plaintiff.

**133.** As shown by the foregoing, the Defendants' conduct was willful, wanton, and malicious, and showed complete indifference to or conscious disregard for the rights of others, including the rights of the Plaintiff, thus, justifying an award of punitive damages in an amount sufficient to punish the Defendants or to deter them and other companies from the conduct in the future.

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and against Defendants Border Management, JPM Inc., JPM Camp, Inc., and Vestal, jointly and severally for actual and economic damage to make Plaintiff whole by providing appropriate back pay and benefits in amounts provided at trial, and for other affirmative relief necessary to eradicate the effects of the Defendants' unlawful employment practices; for injunctive relief including ordering the Defendants to institute and carry out policies, practices, and programs that provide equal employment opportunities and eradicate the effects of its past and present unlawful employment practices; for reinstatement or front pay in lieu of reinstatement; for past and future compensatory damages and pecuniary and non-pecuniary losses including emotional distress, pain and suffering, anxiety, loss of enjoyment of life, humiliation, embarrassment, fear and inconvenience, resulting from the unlawful employment practices described herein in amounts to be determined at trial; for punitive damages for Defendants' malicious conduct or reckless indifference described herein in amounts to be determined at trial; for reasonable attorney's fees and costs incurred herein as determined by the Court; for pre- and post-judgment interest as allowed by law; and for such other and further legal and equitable relief as this Court deems just and proper.

## COUNT IV – INTENTIONAL FAILURE TO SUPERVISE
### v. Defendants Border Management; JPM Inc. and JPM Camp, Inc.

**134.** Plaintiff incorporates the allegations contained in above-paragraphs as if fully set forth herein.

135.      Defendants Border Management; JPM Inc. and JPM Camp, Inc. had a duty to exercise reasonable care to control Defendant Vestal as to prevent him from intentionally harming Plaintiff and others and from so conducting himself as to create an unreasonable risk of bodily harm to Plaintiff and others.

136.      During the commission of the aforementioned unwanted physical acts, Defendant Vestal was on the premises of Defendants Border Management; JPM Inc. and JPM Camp, Inc. acting as an employee.

137.      Defendants Border Management; JPM Inc. and JPM Camp, Inc. knew or had reason to know that they had the ability to control Defendant Vestal at the time of the aforementioned unwelcome acts.

138.      Defendants Border Management; JPM Inc. and JPM Camp, Inc. knew or should have known of the necessity and opportunity to control Defendant Vestal from committing the aforementioned acts.

139.      All actions or inactions of or by Defendants Border Management; JPM Inc. and JPM Camp, Inc.  occurred by or through their agents, servants, or employees acting within the course and scope of their employment, as set forth herein.

140.      As a direct and proximate result of Defendants Border Management; JPM Inc. and JPM Camp, Inc. actions and/or omissions, Plaintiff has been deprived of past income, including wages and benefits, as well as other monetary and non-monetary benefits.

141.      Plaintiff will also be deprived of future income and benefits.

142.      As a further direct and proximate result of Defendants Border Management; JPM Inc. and JPM Camp, Inc. actions and/or omissions, Plaintiff has suffered a loss of self-esteem, emotional distress, pain and suffering, fear, loss of sleep, disturbing dreams, anxiety,

depression, humiliation, diminished career potential, isolation, embarrassment, a diminished job record, and mental anguish, and related compensatory damages.

**143.** Plaintiff has had to attend counseling and will likely have a need for future counseling, due to the treatment described herein.

**144.** By failing to take prompt and effective remedial action Defendants Border Management; JPM Inc. and JPM Camp, Inc., in effect condoned, ratified and/or authorized the discrimination and harassment against Plaintiff.

**145.** As shown by the foregoing, Defendants Border Management; JPM Inc. and JPM Camp, Inc. conduct was willful, wanton, and malicious, and showed complete indifference to or conscious disregard for the rights of others, including the rights of the Plaintiff, thus, justifying an award of punitive damages in an amount sufficient to punish the Taco Bell Defendants or to deter them and other companies from the conduct in the future.

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and against Defendants Border Management; JPM Inc. and JPM Camp, Inc. jointly and severally for actual and economic damage to make Plaintiff whole by providing appropriate back pay and benefits in amounts provided at trial, and for other affirmative relief necessary to eradicate the effects of the Defendants Border Management; JPM Inc. and JPM Camp, Inc. unlawful employment practices; for injunctive relief including ordering Defendants Border Management; JPM Inc. and JPM Camp, Inc. to institute and carry out policies, practices, and programs that provide equal employment opportunities and eradicate the effects of its past and present unlawful employment practices; for reinstatement or front pay in lieu of reinstatement; for past and future compensatory damages and pecuniary and non-pecuniary losses including emotional distress, pain and suffering, anxiety, loss of enjoyment of life, humiliation, embarrassment, fear and inconvenience, resulting from the

unlawful employment practices described herein in amounts to be determined at trial; for punitive damages for Defendants Border Management; JPM Inc. and JPM Camp, Inc. malicious conduct or reckless indifference described herein in amounts to be determined at trial; for reasonable attorney's fees and costs incurred herein as determined by the Court; for pre- and post-judgment interest as allowed by law; and for such other and further legal and equitable relief as this Court deems just and proper.

<u>**COUNT V– INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS-TORT OF OUTRAGE**</u>
<u>**v. Defendants Border Management; JPM Inc., JPM Camp, Inc., and Vestal**</u>

**146.**    Plaintiff incorporates the allegations contained in above-paragraphs as if fully set forth herein.

**147.**    Defendants Border Management; JPM Inc., JPM Camp, Inc., and Defendant Vestal engaged in conduct that was extreme and outrageous.

**148.**    Defendants Border Management; JPM Inc., JPM Camp, Inc., and Defendant Vestal acted in a willful, wanton manner, or engaged in conduct in reckless disregard of Plaintiff.

**149.**    Plaintiff asked Defendant Vestal numerous times to stop the unwanted touchings and stop the unwanted comments.

**150.**    Plaintiff asked her supervisors numerous times to stop the unwanted touchings and stop the unwanted comments.

**151.**    Defendants Border Management; JPM, Inc., and JPM Camp Inc.'s failure to properly investigate Plaintiff's repeated complaints of sexual harassment, including unwanted touchings, was extreme and outrageous.

**152.**    Defendants Border Management; JPM, Inc., and JPM Camp Inc.'s required Plaintiff to take the trash outside, only with Defendant Vestal, whom Defendants Border

Management; JPM, Inc., and JPM Camp Inc.'s knew had previously subjected Plaintiff to unwanted touchings.

153.    Plaintiff was sent outside with Defendant Vestal without supervision or even with the presence of a video camera posited to view the trash dumpsters.

154.    Plaintiff was subjected to unwanted sexual assault and battery.

155.    The unwanted sexual assault and battery immediately caused Plaintiff to experience extreme and severe emotional distress, including crying, humiliation, fear, and anxiety.

156.    Defendant Vestal was aided in committing the sexual assault and battery of Plaintiff by the existence of his employment relationship with Defendants Border Management; JPM, Inc., and JPM Camp Inc.

157.    Defendants Border Management; JPM, Inc., and JPM Camp Inc. knew, or should have known, of the likelihood of Defendant Vestal committing unwanted touchings on Plaintiff, especially when Defendant Vestal was not being visually supervised.

158.    The emotional distress suffered by Plaintiff is in such an extreme degree the law must intervene because the distress inflected was so outrageous such that no reasonable person should be expected to endure it.

159.    The conduct of Defendants is so outrageous and so extreme it exceeds the bounds of decency and is simply atrocious and utterly intolerable in a civilized society.

160.    As a direct and proximate result of Defendants' conduct, Plaintiff has suffered mental distress.

161.    Plaintiff's mental distress is both extreme and severe and has required psychological attention for the same.

162.     Plaintiff's extreme emotional distress has caused loss of sleep, fear, and anxiety which has had a profound and lasting effect on Plaintiff's life.

163.     All actions or inactions of or by Defendants Border Management; JPM, Inc., and JPM Camp Inc. occurred by or through their owners, agents, servants, or employees acting within the course and scope of their employment, as set forth herein.

164.     As a direct and proximate result of the Defendants' actions and/or omissions, Plaintiff has been deprived of past income, including wages and benefits, as well as other monetary and non-monetary benefits.

165.     Plaintiff will also be deprived of future income and benefits.

166.     As a further direct and proximate result of Defendants' actions and/or omissions, Plaintiff has suffered a loss of self-esteem, emotional distress, pain and suffering, fear, loss of sleep, disturbing dreams, anxiety, depression, humiliation, diminished career potential, isolation, embarrassment, a diminished job record, and mental anguish, and related compensatory damages.

167.     Plaintiff has had to attend counseling and will likely have a need for future counseling, due to the treatment described herein.

168.     By failing to take prompt and effective remedial action Defendants Border Management; JPM, Inc., and JPM Camp Inc., in effect condoned, ratified and/or authorized the discrimination and harassment against Plaintiff.

169.     As shown by the foregoing, the Defendants' conduct was willful, wanton, and malicious, and showed complete indifference to or conscious disregard for the rights of others, including the rights of the Plaintiff, thus, justifying an award of punitive damages in an amount

sufficient to punish the Defendants or to deter them and other companies from the conduct in the future.

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and against the Defendants Border Management; JPM, Inc., JPM Camp Inc., and Vestal,  jointly and severally for actual and economic damage to make Plaintiff whole by providing appropriate back pay and benefits in amounts provided at trial, and for other affirmative relief necessary to eradicate the effects of Defendants Border Management; JPM, Inc., JPM Camp Inc., and Vestal unlawful employment practices; for injunctive relief including ordering Defendants Border Management; JPM, Inc., and JPM Camp Inc., to institute and carry out policies, practices, and programs that provide equal employment opportunities and eradicate the effects of its past and present unlawful employment practices; for reinstatement or front pay in lieu of reinstatement; for past and future compensatory damages and pecuniary and non-pecuniary losses including emotional distress, pain and suffering, anxiety, loss of enjoyment of life, humiliation, embarrassment, fear and inconvenience, resulting from the unlawful employment practices described herein in amounts to be determined at trial; for punitive damages for Defendants Border Management; JPM, Inc., JPM Camp Inc., and Vestal malicious conduct or reckless indifference described herein in amounts to be determined at trial; for reasonable attorney's fees and costs incurred herein as determined by the Court; for pre- and post-judgment interest as allowed by law; and for such other and further legal and equitable relief as this Court deems just and proper.

### COUNT VII– NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### v. Defendants Border Management; JPM, Inc., JPM Camp Inc.

**170.**     Plaintiff incorporates the allegations contained in above-paragraphs as if fully set forth herein.

**171.**     Plaintiff, a minor child, was sexually assaulted in the workplace.

**172.**     Plaintiff was under the supervision and control of Defendants Border Management; JPM, Inc., and JPM Camp Inc. when Plaintiff was subjected to the unwanted touchings.

**173.**     Defendants Border Management; JPM, Inc., and JPM Camp Inc. owed a duty to protect Plaintiff in the workplace from unwanted sexual touchings.

**174.**     Defendants Border Management; JPM, Inc., and JPM Camp Inc. breached that duty when they failed to adequately supervise the activities of Defendant Vestal when he was alone with Plaintiff and failed to use reasonable care to investigate Plaintiff's repeated complaints of unwanted sexual contact by Defendant Vestal.

**175.**     As a result of the above describe conduct, Plaintiff suffered and continues to suffer, shock and emotional distress.

**176.**     The minor Plaintiff also suffers from physical manifestations of emotional distress that are medically diagnosable and significant, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life, loss of sleep, fear, isolation, disturbing dreams, and/or has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling, and related compensatory damages.

**177.**     As a direct and proximate result of the Defendants' actions and/or omissions, Plaintiff has been deprived of past income, including wages and benefits, as well as other monetary and non-monetary benefits.

**178.**     Plaintiff will also be deprived of future income and benefits.

**179.**     By failing to take prompt and effective remedial action Defendants Border Management; JPM, Inc., and JPM Camp Inc., in effect condoned, ratified and/or authorized the discrimination and harassment against Plaintiff.

**180.**     As shown by the foregoing, the Defendants Border Management; JPM, Inc., and JPM Camp Inc. conduct was willful, wanton, and malicious, and showed complete indifference to or conscious disregard for the rights of others, including the rights of the Plaintiff, thus, justifying an award of punitive damages in an amount sufficient to punish the Defendants or to deter them and other companies from the conduct in the future.

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and against the Defendants Border Management; JPM, Inc., and JPM Camp Inc. jointly and severally for actual and economic damage to make Plaintiff whole by providing appropriate back pay and benefits in amounts provided at trial, and for other affirmative relief necessary to eradicate the effects of the Defendants Border Management; JPM, Inc., and JPM Camp Inc. unlawful employment practices; for injunctive relief including ordering the Defendants Border Management; JPM, Inc., and JPM Camp Inc. to institute and carry out policies, practices, and programs that provide equal employment opportunities and eradicate the effects of its past and present unlawful employment practices; for reinstatement or front pay in lieu of reinstatement; for past and future compensatory damages and pecuniary and non-pecuniary losses including emotional distress, pain and suffering, anxiety, loss of enjoyment of life, humiliation, embarrassment, fear and inconvenience, resulting from the unlawful employment practices described herein in amounts to be determined at trial; for punitive damages for Defendants Border Management; JPM, Inc., and JPM Camp Inc. malicious conduct or reckless indifference described herein in amounts to be determined at trial; for reasonable attorney's fees and costs incurred herein as determined by the Court; for pre- and post-judgment interest as allowed by law; and for such other and further legal and equitable relief as this Court deems just and proper.

### COUNT VIII– NEGLIGENCE
### v. Defendant Taco Bell Corp.

**181.**     Plaintiff incorporates the allegations contained in above-paragraphs as if fully set forth herein.

**182.**     Defendant Taco Bell Corp. develops, operates and franchises a worldwide system of Taco Bell restaurants which prepare, package and sell a menu of food items.

**183.**     The Taco Bell restaurants are staffed by employees who are responsible for, among other things, preparing, packaging, and selling food items.

**184.**     Defendant Taco Bell Corp. markets and sells Taco Bell restaurant franchises to the public.

**185.**     In selling the restaurant franchises, Defendant Taco Bell Corp. requires the franchisees to follow certain operational policies and procedures.

**186.**     Upon information and belief, Defendant Taco Bell Corp. has been aware of the risk of sexual assault being committed in Taco Bell restaurants since at least 2009.

**187.**     Despite this, upon information and belief, Defendant Taco Bell Corp. has failed institute any policies and procedures its franchisees are required to follow, which seek to prevent sexual assault in the workplace.

**188.**     Upon information and belief, Defendant Taco Bell Corp, since at least 2009 has known of this defect in its operational requirements given to its franchisees, yet has failed to correct this issue, knowing that it continues to cause harm to Taco Bell restaurant employees.

**189.**     Upon information and belief, Defendant Taco Bell Corp. has intentionally failed to institute operational requirements to prevents sexual assault in Taco Bell restaurants in order to avoid being viewed as an "employer" under the employment discrimination civil rights laws of this nation.

**190.**     Defendant Taco Bell Corp. has a duty to provide rules regarding the operations, and oversee the operations of, the franchised Taco Bell restaurant franchises.

**191.**     Defendant Taco Bell Corp. has a duty to ensure the Taco Bell franchised restaurants are safe working environments.

**192.**     Defendant Taco Bell Corp. has a duty to disclose the known defects and risks of operating a Taco Bell restaurant.

**193.**     Defendant Taco Bell Corp. has breached its duties in failing to disclose the known risk of sexual assault in Taco Bell restaurants of employees.

**194.**     In breaching its duties, Defendant Taco Bell Corp. has caused harm to Plaintiff.

**195.**     As a result of the above describe conduct, Plaintiff suffered and continues to suffer, shock and emotional distress.

**196.**     The minor Plaintiff also suffers from physical manifestations of emotional distress that are medically diagnosable and significant, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life, loss of sleep, fear, isolation, disturbing dreams, and/or has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling, and related compensatory damages.

**197.**     As a direct and proximate result of the Defendant Taco Bell Corp.'s actions and/or omissions, Plaintiff has been deprived of past income, including wages and benefits, as well as other monetary and non-monetary benefits.

**198.**     Plaintiff will also be deprived of future income and benefits.

**199.**     By failing to take prompt and effective remedial action Defendant Taco Bell Corp., in effect condoned, ratified and/or authorized the discrimination and harassment against Plaintiff.

**200.**     As shown by the foregoing, Defendant Taco Bell Corp.'s conduct was willful, wanton, and malicious, and showed complete indifference to or conscious disregard for the rights of others, including the rights of the Plaintiff, thus, justifying an award of punitive damages in an amount sufficient to punish the Defendants or to deter them and other companies from the conduct in the future.

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and against Defendant Taco Bell Corp. for actual and economic damage to make Plaintiff whole by providing appropriate back pay and benefits in amounts provided at trial, and for other affirmative relief necessary to eradicate the effects of Defendant Taco Bell Corp.'s unlawful employment practices; for injunctive relief including ordering Defendant Taco Bell Corp. to institute and carry out policies, practices, and programs that provide equal employment opportunities and eradicate the effects of its past and present unlawful employment practices; for reinstatement or front pay in lieu of reinstatement; for past and future compensatory damages and pecuniary and non-pecuniary losses including emotional distress, pain and suffering, anxiety, loss of enjoyment of life, humiliation, embarrassment, fear and inconvenience, resulting from the unlawful employment practices described herein in amounts to be determined at trial; for punitive damages for Defendant Taco Bell Corp.'s malicious conduct or reckless indifference described herein in amounts to be determined at trial; for reasonable attorney's fees and costs incurred herein as determined by the Court; for pre- and post-judgment interest as allowed by law; and for such other and further legal and equitable relief as this Court deems just and proper.

## Demand for Jury Trial and Designation of Place of Trial

Plaintiff requests a trial by jury, in Wichita, Kansas, on all counts and allegations of wrongful conduct alleged in this Complaint.

Respectfully Submitted,

EDELMAN, LIESEN & MYERS, L.L.P.

By: /s/Katherine E. Myers
Katherine E. Myers      KS #25833
kmyers@elmlawkc.com
208 W. Linwood Blvd.
Kansas City, Missouri 64111
Telephone: (816) 533-4976
Facsimile:  (816) 463-8449

**ATTORNEY FOR PLAINTIFF**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 20th day of May, 2019, a true and correct version of the foregoing was filed with the CM/ECF system which automatically sent notification to:

Jeannie DeVeney
Littler Mendelson, PC - Kansas City
1201 Walnut Street, Suite 1450
Kansas City, MO 64106
816-627-4405
Fax: 816-817-1453
Email: jdeveney@littler.com

ATTORNEY FOR DEFENDANT BORDER MANAGEMENT


Karen R. Glickstein
Jackson Lewis, PC - Overland Park
7101 College Blvd., Suite 1200
Overland Park, KS 66210
913-981-1018
Fax: 913-981-1019
Email: Karen.Glickstein@jacksonlewis.com

ATTORNEY FOR DEFENDANT TACO BELL CORP.


By:/s/Katherine E. Myers

ATTORNEY FOR PLAINTIFF